11-1122-cr
United States v. Wilke

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1 . WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of May, two thousand twelve,

Present:      AMALYA L. KEARSE,
                   ROSEMARY S. POOLER,
                   DEBRA ANN LIVINGSTON,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

              -v-                                                     11-1122-cr

DALTON E. WILKE,

                        *Defendant-Appellant*.

_____


Appearing for Appellant:      Arza Feldman, Feldman and Feldman, Uniondale, N.Y.


Appearing for Appellee:      Marisa J. Miller, Craig R. Gestring, Assistant United States
                                        Attorneys, of counsel, for William J. Hochul, Jr. United States
                                        Attorney for the Western District of New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-appellant Dalton Wilke was convicted of one count of utilizing a means or facility of interstate commerce to entice an individual under 18 to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b); one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). He was sentenced principally to 120 months' imprisonment for the enticement count and 60 months' imprisonment on each child pornography count, to be served concurrently. Appellant asserts that the evidence was insufficient to support his conviction on the enticement count and that his convictions for both receipt and possession violated the Double Jeopardy Clause. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Wilke's first argument is that there was insufficient evidence to show that he knew or believed the victim to be under the age of 18, as required under 18 U.S.C. § 2422(b), which makes it unlawful for a person "using . . . any facility or means of interstate . . . commerce . . . [to] knowingly persuade[], induce[], entice[], or coerce[] any individual who has not attained the age of 18 years, to engage in prostitution or any [criminal] sexual activity." Defendants raising sufficiency of the evidence challenges face a "heavy burden." *United States v. Friedman*, 300 F.3d 111, 123 (2d Cir. 2002) (internal quotation marks omitted). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Wilke argues that because registration on silverdaddies.com requires a person to represent he is above the age of 18, and because CRSSTTBTV--- the online persona of the undercover detective--- used a profile photo which arguably appeared to be a person at least 18 years old, no rational trier of fact could have found that he intended to meet a 15 year-old. Such a contention is completely belied by the record. The jury may have been entitled to accept Wilke's defense that based on those two facts he believed CRSSTTBTV was 18 or older, but it was not required, in any sense, to do so. There was substantial, almost overwhelming evidence in the record to support the jury's finding that Wilke believed CRSSTTBTV to be under 18— most critically the fact that CRSSTTBTV told Wilke at least twice that he was 15.

Moreover, these explicit representations were not the only evidence of CRSSTTBTV's alleged age or of Wilke's knowledge of that age. After being told for the second time that CRSSTTBTV was 15, Wilke told him they would "have to be careful[]" because he did not "want to go to jail." He also told CRSSTTBTV to delete his chat history so that his parents would not find it. Wilke and CRSSTTBTV also discussed at some length CRSSTTBTV's school, chores, his parents, and summer vacation. Finally, upon Wilke's arrest, he admitted in a signed statement that he came to the park to meet who he believed to be a 15 year-old boy. Any contention that there was not sufficient evidence for any rational trier of fact to find that Wilke knew his intended victim was under 18 is completely without merit.

2

Wilke's next contention is that the Double Jeopardy Clause was violated by his conviction for both receipt and possession of child pornography. He did not make an objection at trial, so we review this contention for plain error. "[B]efore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 US. 461, 466-67 (1997) (internal citation and quotation marks omitted).

As an initial matter, our circuit has never decided the issue of whether conviction for the same conduct under both receipt and possession of child pornography violates the Double Jeopardy Clause. While there may be substantial support for such a proposition, even if we were inclined to say that it would be plain error to convict a defendant for both receipt and possession for the same conduct, it is not so plain that Wilke was in fact convicted for the same conduct. The evidence at trial indicated that he had the pornographic video on both a computer and an external hard drive. It might, then, be possible for Wilke to have been convicted for receipt and possession based on different conduct, and thus possible for his conviction not to have implicated Double Jeopardy. *See United States v. Overton*, 573 F.3d 679, 698 (9th Cir. 2009) ("[T]he transfer and storage of previously-downloaded Internet images—to a memory card or diskette, for example—describes conduct separate from the act of downloading pornography and may thus provide sufficient independent basis for a possession conviction."). We have, in similar circumstances, refused to call convictions that *might have* pertained to different conduct plain error where the defendant failed to object at trial. *United States v. Irving*, 554 F.3d 64, 78-79 (2d Cir. 2009) ("If the jury's verdicts on counts 4 and 5 were based on different images, there was no double jeopardy violation in the entry of judgment on both counts."). In the absence of binding circuit precedent and the clear possibility of a conviction based on Wilke's having the video on separate devices, we cannot say conviction on both counts was plain error.

Though we find there is no plain error, we note that the government's contention that because Wilke's sentences are concurrent, declining to exercise our discretion to correct any Double Jeopardy error would not impugn the integrity or reputation of judicial proceedings, is problematic. In *Ball v. United States*, 470 U.S. 856, 864 (1985), the Supreme Court held that where there is a Double Jeopardy violation, the only remedy is for one of the convictions to be vacated, and not for the sentences merely to be run concurrently. *Id*. It noted that

> [o]ne of the convictions, as well as its concurrent sentence, is unauthorized punishment for a separate offense.
> The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate *conviction*, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction.

3

*Id.* at 864-65 (citations and emphasis omitted). We are not convinced that declining to correct an error which, at a minimum, imposes an unlawful and unauthorized punishment, and which the Supreme Court has told us might delay a person's rightful eligibility for parole, an unwarranted increase in later sentences and additional social stigma would not impugn the integrity or reputation of judicial proceedings.

We have examined the remainder of appellant's arguments and find them to be without merit.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4